# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM W. WALKER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00147 |
| ) | Judge Haynes / Knowles |
| FLOYD SEALEY and ) | |
| DEBRA WAGONSCHUTZ ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant Debra Wagonschutz's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] Docket No. 29. In support of her Motion, Defendant has filed a supporting Memorandum of Law. Docket No. 30. As grounds for her Motion, Defendant argues that Plaintiff's claims against her should be dismissed because: (1) Plaintiff has not alleged an unconstitutional policy, practice, or custom; (2) Plaintiff has not alleged that she was personally involved in any of the events in the Complaint; (3) Plaintiff has failed to plead that he suffered a serious medical condition or that Defendant was deliberately indifferent to any of Plaintiff's medical needs; and (4) Plaintiff has no constitutional right to an effective grievance procedure. *Id.* Defendant also argues that, because Plaintiff cannot sustain his official capacity claim against her, Plaintiff's § 1983 claims against Maury County should be dismissed. *Id.*

Plaintiff has filed a Response in opposition to the instant Motion. Docket No. 60. In his

---

[1] Defendant Sealey is not a party to the instant Motion.

Response, Plaintiff argues that Defendant's arguments are "frivolous, maschievous [*sic*] and moot," and further contends that his "administrative lockdown" has been extended "until further notice," such that he "has been deprived of legal aide assistance, services as well as, access to legal research material's [*sic*] to adequately address the defendants [*sic*] motion to dismiss." *Id.*, p. 1. Plaintiff asserts, "Arguably the administrative burden and exhaustion requirement tolls the statute of limitation since the Plaintiff cannot bring a suit until exhaustion completed." *Id.*, p. 2. Plaintiff explains:

> Plaintiff further states that there's no need for this court to entertain the defendants [*sic*] motion to dismiss as [*sic*] this time nor the defendants' related arguments to the statute of limitation, because its very clear and obvious that if prisoners/plaintiff, choose to file a civil suit based on such grievance/complaint it was futile. The petitioner must do so within one year of receiving the level III of the respondants/defendants administrative grievance process. Since no process existed, nor adequately, that the grievance/complaint could be measured accordingly to well established standards, some otherwised [*sic*] custom and personal practice of the said administrative officials, officers, etc. was deemed not sufficient as a matter of law by prior Courts.
>
> The plaintiff states that his complaint was filed before the court **within one year requirements, and did meeting [*sic*] the demands and ground for relief.** . . .

*Id.*, p. 2-3 (emphasis original).

Plaintiff also argues that Defendants' "statements are totally without merits [*sic*]," and he contends that he has demonstrated that "there are multiple genuine issues of material facts, showing that each essential and critical elements of the pending suit/case, should be addressed before this Honorable court." *Id.*, p. 3.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging

2

that Defendants violated his Eighth Amendment rights. Docket No. 1. Specifically, Plaintiff avers:

> April 30th 2012 I was sentenced to 12 yrs. I was diagnosed with glaucoma in 2008. I need eye drops 3 times a day. I am hurting and my vision is fading fast.
>
> 2nd. I take meds for mental problems and my meds are not letting me sleep or behave somewhat normal. I wake up day + night fighting. I have fallen out of bed several times also I sign every day to talk to some one in mental health still no kind of response is given to me. None.
>
> The grievance procedure here is to write on paper to the Lt. A Federal Judge was here not long ago and he told them to fix the procedure. But still nothing. They answer to what they want when they want too.

*Id.*

Plaintiff sues Nurse Floyd Sealey and Lieutenant Debra Wagonschutz solely in their official capacities, and seeks "medicine for [his] eyes," "talk to mental health about meds," and "monetary compensation." *Id.*

For the reasons discussed below, the undersigned recommends that Defendant Wagonschutz's Motion to Dismiss be GRANTED, and that she be TERMINATED as a party to this action.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material

elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C. The Case at Bar**

As an initial matter, Defendant Wagonschutz is sued solely in her official capacity. Docket No. 1. In complaints alleging federal civil rights violations under § 1983, "[a]n official

5

capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

Defendant Wagonschutz, as a Lieutenant in the Maury County Jail, stands in the shoes of the entity she represents (*see Claybrook*, 199 F.3d at 355 n.4), which is Maury County. In order to state a claim against Maury County, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Maury County official policy, practice, or custom. *City of Canton v. Harris*, 489 U.S. 378, 387-388 (1989). Specifically, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton* at 387-388; *Monell* at 690-691 (In order to find a governmental entity liable, Plaintiff must establish that, (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.). Plaintiff has failed to do so. Accordingly, Plaintiff cannot sustain his official capacity claims against Defendant Wagonschutz, and she should be terminated as a party to this action.[2]

---

[2] Defendant Sealey is not a party to this Motion. Accordingly, he remains a Defendant in this case.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant Wagonschutz's Motion to Dismiss (Docket No. 29) be GRANTED, and that she be TERMINATED as a party in this case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge