UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| WILLIAM W. WALKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1-12-0147 |
| v. | ) | Senior Judge Haynes |
| | ) | |
| FLOYD SEALEY, et al., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 68) to grant Defendant Debra Wagonschutz's motion to dismiss (Docket Entry No. 29). In response, Plaintiff filed a "motion in response to Report and Recommendation" (Docket Entry No. 76). Plaintiff, in essence, asserts that an inadequate grievance procedure establishes a custom and states that such inadequate grievance procedure "has demonstrated that the Maury County Jail under contract of the municipality, imposition him to an inadequate policy or custom of tolerance of federal rights violation." (Docket Entry No. 76 at 7, 8).

The Court notes that because the pleadings are closed, as Defendant Floyd Sealey[1] and Defendant Wagonschutz filed answers to Plaintiff's complaint (Docket Entry Nos. 13 and 26), Defendant Wagonschutz's motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be construed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Satkowiak v. Bay Cty. Sheriff's Dep't, 47 F. App'x 376, 377 n.1 (6th Cir. 2002) ("Technically, . . . the [defendant's] motion to dismiss under Rule 12(b)(6) should be labeled as a Rule 12(c) motion for judgment on the pleadings since the [defendant] had already filed an answer to the complaint."); accord, McGlone v. Bell, 681 F.3d 718, 728 n.2 (6th Cir. 2012) (citing Satkowiak, 47 F. App'x at 377 n.1); Jenkins v. Livonia Police Dep't, No.

---

[1]Defendant Floyd Sealey is not a party to Defendant Wagonschutz's motion to dismiss.

13-14489, 2015 WL 5876750, at *2 (E.D. Mich. Oct. 7, 2015) ("[A] motion for judgment on the pleadings may not be made until after the pleadings (complaint, answer, and reply if ordered) are closed, while a motion to dismiss under Rule 12(b)(6) must be made prior to filing an answer. . . . [S]o the pleadings were 'closed' when [the defendant] filed its Answer . . . . Since the motion was filed after the answer, the Court evaluates this motion under Fed. R. Civ. P. 12(c) instead of Rule 12(b)(6)."); Maniaci v. Georgetown Univ., 510 F. Supp.2d 50, 60 (D.D.C. 2007) (for Rule 7(a) and Rule 12(c) purposes, pleadings were closed after defendant filed his answer, but before a court-imposed deadline to amend the complaint had passed). A motion under Fed. R. Civ. P. 12(c) is reviewed under the same legal standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Lindsay v. Yates, 498 F.3d 434, 437 n.5 (6th Cir. 2007).

Having considered Plaintiff's objection and conducted de novo review, the Court concludes that Plaintiff fails to allege sufficient facts of any personal involvement by Defendant Wagonschutz or that an official policy or custom of Maury County caused the alleged deprivation of Plaintiff's constitutionally protected rights.

Accordingly, the Report and Recommendation is **ADOPTED**, Defendant's motion to dismiss (Docket Entry No. 29) is **GRANTED** and Plaintiff's motion in response to Report and Recommendation (Docket Entry No. 76) is **DENIED**. Defendant Debra Wagonschutz's motion to compel (Docket Entry No. 31) is **DENIED as moot**. Plaintiff's claims against Defendant Debra Wagonschutz are **DISMISSED with prejudice.**

It is so **ORDERED**.

**ENTERED** this the ____ day of December, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge